# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1523

_____

Ron Davis, (50% partner);                     *
Doctor's Testing Center, LLC II,              *
                                              *
          Appellants,                         *
                                              *   Appeal from the United States
     v.                                       *   District Court for the Eastern
                                              *   District of Arkansas.
Regina Favors; Pinnacle                       *
Business Solutions, Inc.,                     *   [UNPUBLISHED]
                                              *
          Appellees.                          *

_____

Submitted: August 5, 2011
Filed: August 11, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


     Ron Davis and Doctor's Testing Center, LLC II (plaintiffs) appeal from the district court's[1] denial of their motions to remand to state court, and dismissal with prejudice of their consolidated complaints. First, upon careful de novo review of the denial of the remand motions, see Knudson v. Systems Painters, Inc., 634 F.3d 968,

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

975 (8th Cir. 2011), we agree with the district court that plaintiffs' complaints arose under the Medicare Act and thus judicial review was available only in federal court, see Bodimetric Health Servs., Inc. v. Aetna Life & Cas., 903 F.2d 480, 486-88 (7th Cir. 1990) (plaintiff's grievance against Medicare carrier which included state-law tort and contract claims was, at bottom, challenge to carrier's approach to processing claims rather than to validity of regulation, and therefore subject to exclusive review provisions of Medicare Act; party cannot avoid Medicare Act's jurisdictional bar simply by styling its attack as claim for collateral damages instead of challenge to underlying denial of benefits, or by bringing suit against fiscal intermediary instead of against Secretary of Health and Human Services).  Second, upon careful de novo review of the district court's dismissal of the complaints, see Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008) (review standard for Fed. R. Civ. P. 12(b)(1) dismissals), we find no basis for reversing the dismissal of the complaints, cf. Bowen v. City of New York, 476 U.S. 467, 484-85 (1986) (distinguishing between case before court raising collateral claim in which claimants challenged systemwide policy that was inconsistent with established regulations, and therefore exhaustion would be futile; and case in which claimant alleges deviation from applicable regulations in his particular administrative proceeding, which is "fully correctable upon subsequent administrative review").  However, we conclude that the dismissal should have been without prejudice.  See Cty. of Mille Lacs v. Benjamin, 361 F.3d 460, 464-65 (8th Cir. 2004) (district court generally barred from dismissing case with prejudice if it concludes subject-matter jurisdiction is lacking).

Accordingly, we affirm the denial of the motions to remand, modify the dismissal of the complaints to be without prejudice, and affirm the dismissal as modified.  See 8th Cir. R. 47B.

_____